**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNIE RAY FOSTER, an individual | CASE NO: 2:23-cv-00004-ART-BNW |
| Plaintiff, | |
| vs. | **JURY TRIAL REQUESTED** |
| MING MA, an individual; and DOES I through X inclusive, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, ERNIE RAY FOSTER, by and through his attorney of record, MICHAEL J. HARKER, ESQ., and hereby Complains against the Defendant as follows:

**NATURE OF THE CASE**

1. That this is an action alleging racketeering and all claims arising from a scheme between the Defendants that was designed and implemented to defraud the Plaintiff.

2. That specifically as set forth below, Plaintiff sues the Defendant for violation of the Federal Civil Racketeer Influenced and Corrupt Organization Act (RICO) as it relates to the fraudulent acts of the Defendant by taking not only the real property but personal property of the Plaintiff located at 1024 Santa Helena Ave., Henderson, Nevada.

3. That it is the position of the Plaintiff that Defendant misrepresented to State Court that fac that it was still in possession of substantial personal items of the Plaintiff with the intent to defraud and take said personal items.

1   foster.revised.comp11.23.mw.wpd

4. That specifically, as set forth below, the Defendant representative represented to the Court that all personal items had been removed either by the Plaintiff or by the Defendant when in fact, the Defendant kept said personal items and attempted to sell them on various medai platforms.

5. That as a result, the Plaintiff lost substantial sums of monies inasmuch as Defendant kept said belongings.

## PARTIES

6. That Plaintiff ERNIE RAY FOSTER is a resident of the County of Clark, State of Nevada.

7. That Defendant MA MING upon information and belief, is a resident of the County of Clark, State of Nevada.

8. The true names and capacities, whether partnership, individual, corporate, associate or otherwise of Defendants JOHN DOES I through V and DOE CORPORATIONS I through V, inclusive, are unknown to Plaintiff at this date; said Defendant is named herein, but may be responsible or liable to the Plaintiffs by virtue of the actions hereinafter described and Plaintiffs reserve its right to amend the Complaint to insert any additional charging allegations, together with their true identities and capacities, when the same have been ascertained.

## JURISDICTION AND VENUE

9. That this Court has original subject matter jurisdiction pursuant to 18 U.S.C. 1962© and 28 U.S.C. 1331 because this action arises in part under the Federal Racketeering Influenced and Corrupt Organizations Act (RICO).

10. That this Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. That this Court has jurisdiction over Plaintiffs state and common law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. 1367.

2

foster.revised.comp11.23.mw.wpd

12. That this Court has personal jurisdiction over Defendant MA MING pursuant to the allegations set forth below and the fact that the Defendant is a resident of the County of Clark and State of Nevada and participated in the RICO violations and related causes of action as set forth below.

## GENERAL ALLEGATIONS

13. That Plaintiff was the owner of real property located at 1024 Santa Helena Ave., Henderson, NV.

14. That a first Deed of Trust was held by hard money lender EQUITY FIRST GROUP INC.

15. That suffice it to say, Plaintiff alleges that EQUITY FIRST GROUP INC., violated predatory lending and ultimately took advantage of Plaintiff thus ultimately conducting a foreclosure sale on August 5, 2021.

16. That upon information and belief, Defendant MING MA purchased the property at said foreclosure sale.

17. That notwithstanding the same, Plaintiff alleges that MING MA had actually colluded with EQUITY FIRST GROUP INC., regarding the purchase of the property in question.

18. That Plaintiff actually had been contacted by MING MA before the property was purchased.

19. That the property was purchased for approximately $870,000.00 when the property was worth approximately 1.4 million dollars at the time of the foreclosure sale.

20. That notwithstanding the same, Plaintiff filed litigation in State Court attempting to set aside the foreclosure sale and/or find that the same was wrongful.

21. That unfortunately the Court disagreed with Plaintiff and dismissed said actions.

22. That notwithstanding the same, Plaintiff executed an agreement to vacate the property by October 3, 2021.

MICHAEL J. HARKER, ESQ.
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax 425-7290

23. That ultimately Plaintiff was attempting to keep the property in question as set forth above.

24. That Plaintiff ultimately filed a bankruptcy and stayed any and all eviction proceedings against the Defendants.

25. That the Defendant lifted the automatic stay in Bankruptcy Court in order to proceed with the eviction. However, the Court did not waive the 30 day rule.

26. That notwithstanding the same, the Defendant evicted the Plaintiff approximately 18 days before the stay was actually lifted.

27. That Plaintiff was evicted when the Constable showed up to his office.

28. That Plaintiff was allowed 20 minutes to remove some items.

29. That Defendant in prior litigations misrepresented that Plaintiff had attempted to move out.

30. That indeed, Plaintiff was getting divorced from his Wife and she was moving personal belongings outside of the property.

31. That pursuant to NRS 118(a)460, 30 days must be given to the Plaintiff to remove his items.

32. That suffice it to say that Plaintiff attempted on numerous occasions to remove his items from the property but was denied doing so.

33. That Plaintiff's attorney was attempting to contact MA MING's bankruptcy attorney regarding the removal of his items and would not receive nay response.

34. That ultimately, Defendants State Court attorney Michael Bohn, Esq., informed Plaintiff that he would only have one day to remove his entire items which would be an impossibility based on the fact that he had substantial items still in the property in question.

35. That on February 26, 2022, Plaintiff did show up and moved as much belonging as he possibly could.

36. That ultimately Plaintiff left the property in question and requested more time to remove his items.

37. That Defendant purportedly removed Plaintiff's personal belongings to the back yard.

38. That Plaintiff was informed that he could retrieve his property if he signed a document alleging that he would not sue him.

39. That this was not a reasonable request and Plaintiff would not sign the same.

40. That obviously Defendant knew he was violating the law and therefore was attempting to have Plaintiff sign the document.

41. That Plaintiff was never given any additional opportunity to move his items from the property in question.

42. That indeed, Defendants counsel at a hearing in the State Court case represented to the Judge that there was no additional items left in the property and they had been removed.

43. That notwithstanding the same, Plaintiff has now learned that the Defendant is actually selling items of the Plaintiff that were reportedly removed from the property in question.

44. That specifically, Plaintiff found that the Defendant is selling a tool cabinet and the picture that is taken is actually in the garage of the property in question.

45. That attached hereto as "Exhibit 1" are the items which remained.

46. That as can be seen, Plaintiff places the value of said items at approximately $203,870.00.

47. That this does not include life long photos and additional important memorabilia of Mohamad Ali and baseball and football cards.

48. That upon information and belief, Defendant threw away Plaintiff's daughters birth certificate.

49. That the bottom line is that Plaintiff was not allowed his statutory right to remove his priority in question.

50. That Defendant, by his own acknowledgment, only allowed Plaintiff eight hours to remove his items.

51. That this clearly was not enough and somehow to argue that Plaintiff should have made sure he could remove everything in eight hours is simply not plausible.

52. That additionally, under Nevada law, the items needed to have been stored after the 30 days and Plaintiff should have been given the ability to remove the items from storage paying a storage expense.

53. That this was never done.

54. That indeed, when Plaintiff filed a motion to allow him to return, Defendant's counsel acknowledge that there was nothing remaining on the property.

55. That although Plaintiff disputes this, the bottom line os that Defendant was not going to allow Plaintiff to return to redeem his items more than likely because Defendants absconded with the same.

### FIRST CAUSE OF ACTION
### (Violation of Civil Racketeer Influenced and Corrupt Organizations Act (RICO))

56. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-55 as those set forth in full herein and further alleges as follows:

57. That upon information and belief, the actions of the Defendant in this case violate the Racketeer Influenced and Corrupt Organizations Act(RICO) passed in 1970.

58. That specifically, Plaintiff is alleging that Defendant in this case acted with criminal intent by purchasing the property in question below value, wrongfully evicting the Plaintiff through misrepresentations in State Court and then stealing property belonging to him by disallowing him the ability to enter and remove his property.

59. That upon information and belief, Defendant committed a pattern of this activity with the Plaintiff numerous times all occurring within a period of one year.

60. That the actions of the Defendant have been brought well within the four year statute of limitation under the RICO statute.

61. That Plaintiff is entitled to damages including treble damages pursuant to the statue as a result of the violation of the RICO statute.

62. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

## SECOND CAUSE OF ACTION
### (Conversion)

63. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-62 as those set forth in full herein and further alleges as follows:

64. That the actions of the Defendant herein constitutes a conversion of the personal property belonging to the Plaintiff.

65. That Defendant had statutory requirements under NRS 116(a) to properly allow Plaintiff time to remove his items and/or have the same stored.

66. That Defendant violated said statute thus removing Plaintiffs items which are attached as "Exhibit 1".

67. That Plaintiff has been damaged in an amount in excess of $75,000.00 as a result of the conversion.

68. That Plaintiff is additionally entitled to punitive damages in an amount in excess of $75,000.00 as a result of the conversion.

69. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

///

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

70. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-69 as those set forth in full herein and further alleges as follows:

71. That the actions of the Defendant constitutes an unjust enrichment to the detriment of the Plaintiff.

72. That Defendant has been unjustly enriched by keeping the property well over $200,000.00 and disallowing Plaintiff the ability to retire said items.

73. That Plaintiff has been damaged in an amount in excess of $75,000.00 as a result of the unjust enrichment.

74. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

### FOURTH CAUSE OF ACTION
(Trespass)

75. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-74 as those set forth in full herein and further alleges as follows:

76. That the actions of the Defendant herein constitutes trespass upon the personal belongings of the Plaintiff herein.

77. That specifically, Defendant wrongfully trespassed onto property belonging to the Plaintiff and removed said property.

78. That Plaintiff has been damaged in an amount in excess of $75,000.00 as a result of the trespass.

79. That Plaintiff is additionally entitled to punitive damages in an amount in excess of $75,000.00 as a result of the trespass.

80. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

## FIFTH CAUSE OF ACTION
### (Invasion of Privacy)

81. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-80 as those set forth in full herein and further alleges as follows:

82. That the actions of the Defendant herein constitutes an invasion of privacy of the Plaintiff herein.

83. That specifically, Defendant although allegedly owning the property in question, entered the property and wrongfully removed items belonging to the Plaintiff.

84. That Plaintiff has been damaged in an amount in excess of $75,000.00 as a result of the invasion of property.

85. That Plaintiff is additionally entitled to punitive damages in an amount in excess of $75,000.00 as a result of the invasion of property.

86. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

## SIXTH CAUSE OF ACTION
### (Abuse of Process)

87. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-86 as those set forth in full herein and further alleges as follows:

88. That the actions of the Defendants herein constitutes an abuse of process.

89. That specifically, Defendant has abused the eviction process.

90. That locking out the Plaintiff and wrongfully keeping his belongings without adequate time for him to remove his belongings pursuant to NRS 116(a).

91. That Plaintiff has been damaged in an amount in excess of $75,000.00 as a result of the abuse of process.

92. That Plaintiff is additionally entitled to punitive damages in an amount in excess of $75,000.00 as a result of the abuse of process.

MICHAEL J. HARKER, ESQ.
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax 425-7290

93. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having to bring the underlying action.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants and each of them as follows:

1. For damages in an amount in excess of $25,000.00.
2. For punitive damages in an amount in excess of $25,000.00
3. For attorney's fees and costs to be determined by this Court.
4. For such other relief this Court deems proper.

RESPECTFULLY SUBMITTED this 21st day of November, 2023.

<u>**Law Office of Michael J. Harker, Esq.**</u>

By <u>/s/ Michael J. Harker</u>
**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000
Attorney for Plaintiff