UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNIE RAY FOSTER,<br><br>　　　　　　　Plaintiff,<br>　v.<br>MING MA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-00004-ART-BKW<br><br>ORDER |

Plaintiff Ernie Ray Foster brings this action against Ming Ma, John Does I through V, and Doe Corporations I through V. (ECF No. 12.) Plaintiff brings claims under the Racketeer Influenced and Corrupt Organization Act (RICO) and several common-law causes of action. Now pending is Defendant Ming Ma's Motion to Dismiss or Alternatively for Summary Judgment. (ECF No. 13.) Plaintiff responded to Defendant's motion. (ECF No. 16.) The Court will grant Defendant's motion to dismiss with prejudice as Plaintiff's claims are precluded.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff owned a house, 1024 Santa Helena Avenue, Henderson, Nevada, subject to a deed of trust held by Equity First Group for an unspecified period. (ECF No. 12.) Plaintiff defaulted on the deed of trust. (*See id.*) On July 8, 2021, the Clark County, Nevada, District Court denied Plaintiff's motion for a preliminary injunction to stop Equity First Group's foreclosure of the property. (ECF No. 13-1).

In August 2021, Defendant Ming Ma purchased the 1024 Santa Helena Avenue property from the foreclosure sale. (ECF No. 12.) Plaintiff alleges that Defendant Ma colluded with Equity First Group to buy the property under value. (*Id.*)

Plaintiff executed an agreement to vacate 1024 Santa Helena by October 3, 2021, then declared bankruptcy to stay eviction. (*Id.*) The bankruptcy court lifted its stay weeks later, and Plaintiff was evicted, allegedly eighteen days before expiration of the bankruptcy court's stay. (*Id.*)

1

On October 26, 2021, Plaintiff sued Ming Ma and Equity First Group to stop the foreclosure or alternatively for damages. (ECF No. 13-3); *Ernie Ray Foster v. Ma Ming* [sic], A-21-843178-C (8th Jud. Dist. Ct., Clark Cnty., Nev.).

Plaintiff asked to retrieve his belongings from 1024 Santa Helena. (ECF No. 12.) Defendant Ming Ma allowed him to remove his personal property on February 26, 2022. (*Id.*) Plaintiff removed some of his property that day and asked for more time to retrieve the rest. (*Id.*) Plaintiff alleges he never received another chance to retrieve his property. (*Id.*)

On May 18, 2022, Plaintiff filed motions to amend his complaint and for return of property. *See Foster*, A-21-843178-C. On June 6, 2022, Defendant filed a motion for judgment on the pleadings. *Id.* On June 22, 2022, the Clark County District Court heard arguments in the case. *Id.* Pending were Defendant's motion for judgment on the pleadings, Plaintiff's motion to amend his complaint, and Plaintiff's motion for return of property. (ECF No. 13-8.) At the hearing, Defendant's Counsel claimed that Plaintiff's personal property had been removed from 1024 Santa Helena. (ECF No. 12.) On July 12, 2022, the Court denied Plaintiff's motions to amend and return property and granted Defendant Ming Ma's motion for judgment on the pleadings. (ECF Nos. 13-7, 13-8.)

Several weeks later, Plaintiff learned that Defendant Ming Ma was selling some of the property left at 1024 Santa Helena on Craigslist. (ECF No. 12.)

Plaintiff alleges that Defendant Ming Ma's sale of Plaintiff's personal property, coupled with Defendant Ming Ma's purchase of 1024 Santa Helena below its market value, wrongful eviction, and selling of Plaintiff's personal property constitute violations of RICO and common-law conversion, unjust enrichment, trespass, invasion of privacy, and abuse of process.

Plaintiff claims subject matter jurisdiction via federal question jurisdiction, 28 U.S.C. § 1331, arising out of his RICO claim, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. He alleges

that Defendant Ming Ma is a Nevada resident. (ECF No. 12.)

Defendant Ming Ma seeks dismissal or summary judgment based on claim preclusion and lack of subject-matter jurisdiction arising out of Plaintiff's failure to state a federal claim. Plaintiff responded to Defendant's motion. (ECF No. 16.)

**II.   DISCUSSION**

Plaintiff's Amended Complaint will be dismissed with prejudice. Previous litigation in state court precludes this suit.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 demands more than "labels and conclusions" and "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A viable complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016). Thus, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) a claim must be both factually plausible and legally cognizable.

Generally, a district court may not consider matters outside of the pleadings when deciding a Rule 12(b)(6) motion for dismissal without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). It may, however, take judicial notice of court orders without converting a motion to dismiss into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Carstarphen v. Milsner,* 594 F.Supp.2d 1201, 1208 (D. Nev.

2009) (citing *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998)).

A district court may dismiss based on claim preclusion under Rule 12(b)(6). Though claim preclusion is an affirmative defense ordinarily raised in a responsive pleading, Fed. R. Civ. P. 8(c)(1), "a complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). Dismissal under Rule 12(b)(6) is warranted when the plaintiff's complaint and court orders show that claim preclusion applies. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1096 (9th Cir. 2007); *Razaghi v. Razaghi Development Company, LLC*, 2:18-cv-01622 2021 WL 4486342, at *6 (D. Nev. 2021) (*citing Intri—Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984)).

**A. Nevada Claim Preclusion Bars Plaintiff's Claims.**

Claims that received a final judgment in state court usually cannot be relitigated in federal court. This is because state judicial proceedings receive full faith and credit in every court within the United States, 28 U.S.C. § 1738, so federal courts give the same preclusive effect to state-court judgments as the courts of that state would give. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

In Nevada, claim preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Cap. Corp. v. Ruby,* 194 P.3d. 709, 713 (Nev. 2008), *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (expanding doctrine to non-mutual claim preclusion). Claim preclusion applies to a second suit bringing a cause of action not brought in the first if "the second suit was

4

1  based on the same facts and alleged wrongful conduct" as the first. *Five Star*, 194
2  P.3d, at 715.

3  First, Foster and Ma are the same parties as in *Foster*, A-21-843178-C.[1]

4  Second, the Nevada court orders are valid final judgments. In Nevada, most
5  dismissals operate as adjudications on the merits. The only dismissals that do
6  not count as adjudications on the merits are those for lack of jurisdiction,
7  improper venue, failure to join a party, or those otherwise stated to not be on the
8  merits. Nev. R. Civ. P. 41. Adjudications on the merits count as final judgments
9  for claim preclusion in Nevada. *Five Star*, 194 P.3d, at 715. The Clark County
10 Court denied Plaintiff's attempts to block foreclosure, denied his motion to return
11 property, denied his motion to amend complaint, granted judgment on the
12 pleadings to Defendant, and closed Plaintiff's case. (*See* ECF Nos. 13-1, 13-7, 13-
13 8.) These orders were not entered with any indication to not be on the merits, and
14 none fall into the categories exempted from adjudications on the merits. These
15 orders were final judgments for the purposes of claim preclusion.

16 Third, the current action is based on the same underlying facts as the
17 preceding cases. Plaintiff's claims arise out of the "same facts and alleged
18 wrongful conduct" as the motions and complaints in Clark County District Court.
19 *Five Star*, 194 P.3d, at 715. Plaintiff's RICO claim alleges "that Defendant in this
20 case acted with criminal intent by purchasing the property in question below
21 value, wrongfully evicting the Plaintiff through misrepresentations in State Court
22 and then stealing property belonging to him by disallowing him the ability to enter
23 and remove his property." (ECF No. 12.) Plaintiff's common law claims allege that
24 Defendant took Plaintiff's personal property, illegally obtained 1024 Santa
25 Helena, and wrongfully evicted Plaintiff from 1024 Santa Helena. (*Id.*) Final orders
26 regarding the foreclosure and eviction were issued by Nevada courts and federal

---

[1] Plaintiff's filings at various points refer to Defendant as "Ming Ma" or "Ma Ming." The Court reads this as a scrivener's error.

bankruptcy courts. (*See* ECF Nos. 13-1, 13-4, 13-7.)

Plaintiff concedes in his reply that the foreclosure and sale were litigated and clarifies that "[t]he underlying action surrounds the fact that after the foreclosure occurred, Defendant acted in a way to steal Plaintiffs [sic] real property [sic] which was still in the property." (ECF No. 16.) Plaintiff further alleges that theft of Plaintiff's personal property could not have been fully litigated because Defendant's Counsel stated at the June 22, 2022, hearing that Plaintiff's personal property had been removed from 1024 Santa Helena, but Plaintiff then found the property for sale on Craigslist. (*Id.*; *see also* ECF No. 13-8; ECF No. 12.) This Court sympathizes with Plaintiff's surprise at finding the property for sale on Craigslist, but this fact does not change the underlying facts behind the already litigated claim for return of property. (*See* ECF No. 13-8.)

**B. Defendant's Motion to Dismiss Plaintiff's RICO Claim is Moot.**

In light of its dismissal based on claim preclusion, the Court need not address Defendant's motion to dismiss Plaintiff's RICO claim.

**III. Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED. (ECF No. 13.) Plaintiff's complaint is dismissed with prejudice and without leave to amend.

DATED THIS 9th day of August 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

6